Filed 4/21/21  P. v. Taylor CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEON JEFFERSON TAYLOR,<br><br>        Defendant and Appellant. | A156272<br><br>(San Mateo County<br>Super. Ct. No.<br>17NF012699B) |

Defendant Deon Jefferson Taylor appeals from a judgment after a jury convicted him of three counts of robbery.  His court-appointed counsel has filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  The brief includes counsel's declaration stating that he informed defendant of his intent to file a *Wende* brief on his behalf, and that he apprised defendant of his right to file a supplemental brief.  Counsel's proof of service accompanying the brief, which is signed under penalty of perjury, shows counsel served defendant by mail with a copy of the brief on January 13, 2021, the same day the brief was filed.  Several months have now elapsed, and defendant has not filed a supplemental brief.  Having independently reviewed the record, we

1

conclude there are no reasonably arguable issues requiring further review. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, the People charged defendant and co-defendant Daniel Velazquez-Cordero by amended information with four counts of second degree robbery (Pen. Code, § 212.5, subd. (c)[1]). The People also charged the two with several counts of false imprisonment (§ 236). The People alleged Velazquez-Cordero personally used a firearm, and further alleged against defendant that a principal was armed with a firearm (§ 12022, subd. (a)(1)). The People also alleged as to all counts that defendant had two prior convictions under the Three Strikes Law, and as to the robbery counts that defendant had prior convictions pursuant to section 667, subdivision (a)(1).

These charges stemmed from an armed bank robbery that occurred on September 15, 2016 in Daly City. The evidence at trial showed that defendant and Velazquez-Cordero, who was armed with a gun, entered the bank, ordered everyone to get down on the ground, then defendant took money from bank tellers while Velazquez-Cordero took a purse from a customer. The prosecution's theory and evidence also showed that two additional men participated in the robbery as a lookout and a getaway driver.

A jury convicted defendant of three robbery counts, and found true the attendant section 12022, subdivision (a)(1) enhancements alleged against defendant, but acquitted him of the remaining charges. The trial court found the prior conviction allegations true, but granted defendant's motion to strike one of his strike priors. In January 2019, the court sentenced defendant to a total of 10 years for the robbery counts. The court stayed sentencing for the

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

section 12022, subdivision (a)(1), enhancements, but imposed one five-year enhancement under section 667, subdivision (a)(1).  The court imposed $10,171 in restitution to the bank, stayed imposition of other victim restitution, and "waived" fines and fees due to defendant's "financial situation."

## DISCUSSION

Defendant's appellate counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, asking this court to independently review the record to determine whether it reveals "any arguable sentencing issues or other post-plea issues."  As mentioned, counsel's declaration indicates he notified defendant a *Wende* brief would be filed and informed defendant of his right to file a supplemental brief.  Counsel's proof of service accompanying the brief, which is made under penalty of perjury, shows appellate counsel served defendant by mail with a copy of the brief on January 13, 2021.  Several months have elapsed, and defendant has not filed a supplemental brief.  We have independently examined the entire record and have found no reasonably arguable appellate issue.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## DISPOSITION

The judgment is affirmed.

_____
Fujisaki, Acting P.J.

WE CONCUR:


_____
Petrou, J.


_____
Jackson, J.


A156272